Appeal by the defen *1006 dant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered January 5, 2010, convicting her of burglary in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s assertion that the evidence was legally insufficient to support the jury verdict is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Jones, 79 AD3d 1073, 1074 [2010]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s claim that the trial court discharged potential jurors based upon hardship without conducting a sufficient inquiry is unpreserved for appellate review (see People v Casanova, 62 AD3d 88, 92 [2009]; People v Toussaint, 40 AD3d 1017, 1017-1018 [2007]) and, in any event, is without merit (see People v Umana, 76 AD3d 1111, 1112 [2010]; People v Toussaint, 40 AD3d at 1017-1018).
Contrary to the defendant’s contention, the trial court properly precluded evidence of third-party culpability as speculative, lacking in probative value, and constituting inadmissible hearsay (see People v Schulz, 4 NY3d 521, 528-529 [2005]; People v Primo, 96 NY2d 351, 356-357 [2001]; People v West, 86 AD3d 583, 585 [2011]).
The defendant’s arguments regarding alleged prosecutorial misconduct during summation are unpreserved for appellate review (see CPL 470.05 [2]; People v Dien, 77 NY2d 885 [1991]; People v Nuccie, 57 NY2d 818 [1982]). In any event, although some of the prosecutor’s remarks, as quoted by our dissenting colleague, improperly included gender stereotyping, the improper comments were not so flagrant or pervasive in the context of the entire summation as to deprive the defendant of a fair trial (see People v Ward, 106 AD3d 842, 843 [2013]; People v Rayford, 80 AD3d 780, 781 [2011]). Other comments about which the defendant now complains were within the proper *1007 bounds of response to the defense summation in that they presented arguments based upon the evidence and the inferences to be drawn therefrom that the crime was a targeted attack motivated by the defendant’s jealousy toward the victim, who was involved in a relationship with the defendant’s former boyfriend, rather than a random attack by an unapprehended perpetrator during the course of a robbery, as the defense had suggested (see People v Halm, 81 NY2d 819, 821 [1993]; People v Griffin, 67 AD3d 702 [2009]). Further, any prejudice resulting from the prosecutor’s comments that the defendant’s alibi defense was not raised in a timely manner was alleviated by the trial court’s instructions to the jury that the defendant served a notice of alibi and presented her defense in a timely manner (see People v Rayford, 80 AD3d at 781).
The defendant’s remaining contentions are without merit. Angiolillo, J.P., Chambers and Roman, JJ., concur.